UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

SALLY BOARMAN,

    Plaintiff,

v.

KILOLO KIJAKAZI,
Acting Commissioner
Social Security Administration,

    Defendant.

Civil No.: 1:21-cv-01871-JRR

**MEMORANDUM OPINION**

This matter comes before the court on Defendant's Motion to Dismiss Plaintiff's Complaint, or, in the Alternative, for Summary Judgment (ECF 15; the "Motion"). The court has reviewed all motions papers. No hearing is necessary. Local Rule 105.6 (D. Md. 2021.)

**BACKGROUND**

Plaintiff, self-represented, brings suit for "continuous discrimination" and retaliation for having filed an Equal Employment Opportunity Commission ("EEOC") complaint over thirty years ago. (ECF 1.) This is Plaintiff's third federal lawsuit alleging discrimination and retaliation by the Social Security Administration ("SSA"). *See Boarman v. Colvin*, No. GLR-14-4028, 2015 WL 8759327, at *1 (D. Md. December 15, 2015) ("Boarman I") (dismissed as untimely where Plaintiff filed suit more than thirty years after the EEOC ruled on her charge of discrimination); *Boarman v. Berryhill*, No. ELH-17-01175, 2018 WL 1609622, at *1 (D. Md. April 3, 2018) ("Boarman II") (granting summary judgment in favor of defendant pursuant to the doctrine of res judicata and due to the absence of evidence).

Plaintiff is employed as a Program Expert in the SSA's Office of Analytics and Oversight, Office of Quality Assurance, Division of Title XVI Quality and Service Evaluation. In 2019, Plaintiff was assigned to the Steigerwald Project, "an Agency high priority, litigation support project for on-going litigation." (ECF 15 p. 3.) According to Defendant, Plaintiff was removed from the project "because she failed to effectively complete assignments and refused to accept responsibility for her non-performance." (ECF 15 p. 4.)

Plaintiff filed an EEOC complaint regarding her removal from the project on August 16, 2019. Plaintiff alleges disparate treatment based on "age (over 40), sex (female), race (Caucasian), disability (mental), marital status (single), and retaliation (prior EEO activity)." (ECF 15 p. 4.) The SSA investigated Plaintiff's complaint and found there was no evidence of disparate treatment. Plaintiff appealed this decision to the EEOC, which affirmed the SSA's decision. (ECF 15.)

Plaintiff filed the instant complaint for retaliation and discrimination against Defendant Kilolo Kijakazi, the Acting Commissioner of the SSA, on July 27, 2021. (ECF 1.) Plaintiff's requested relief includes "removal from her toxic work environment, and a sabbatical that will allow her to work on eliminating institutionalized retaliation discrimination and other inequities within the Agency and EEO/OGC process." (ECF 1 p. 2.) Defendant filed the Motion in response, arguing (1) Plaintiff's claims are barred by res judicata; (2) Plaintiff fails to state a prima facie case of discrimination regarding her removal from the Steigerwald Project; and (3) Plaintiff has failed to exhaust her administrative remedies. (ECF 15.)

Plaintiff's opposition to Defendant's Motion alleges two additional instances of retaliation. She claims, "in retaliation for filing the current complaint, management suspended Plaintiff from

work beginning on June 7, 2022[1], for not doing a task that is too stressful and causes her to have PTSD meltdowns." (ECF 22 p. 2.) Plaintiff also asserts "on June 16-17 2022, Plaintiff's supervisor used a bogus misunderstanding of Plaintiff's phone message to put her on AWOL." *Id.* Defendant argues Plaintiff has not exhausted her administrative remedies with respect to the June 5, 2022 and June 16-17, 2022 claims of retaliation.

**STANDARD**

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). To survive a motion to dismiss for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). This requirement is met when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly,* 550 U.S. at 556). At the motion to dismiss stage, the court accepts as true all well-pled facts and all reasonable factual inferences are drawn in favor of the plaintiff. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009).

On a motion to dismiss, a court "is not to consider matters outside the pleadings or resolve factual disputes." *Bosiger v. U.S. Airways*, 510 F.3d 442, 450 (4th Cir. 2007). However, Federal Rule of Civil Procedure 12 allows a court discretion to consider matters outside of the pleadings; in this event, the "motion must be treated as one for summary judgment under Rule 56," and "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." FED. R. CIV. P. 12(d). Federal Rule of Civil Procedure 56(a) provides for summary

---

[1] Plaintiff's opposition states that she was suspended on June 7, 2022 but Exhibit 1 to Defendant's reply indicates that she was suspended on June 5. (ECF 24 Ex. 1.)

judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A dispute is considered genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party;" a fact is considered material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Because Plaintiff is proceeding pro-se, her complaint is to be "liberally construed" and "held to less stringent standards." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal citations omitted). Plaintiff is not, however, absolved from "pleading a plausible claim." *Bey v. Shapiro Brown & Alt, LLP*, 997 F. Supp. 2d 310, 314 (D. Md. 2014). A court is not required to create a claim for the plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To do so would require the "courts to explore exhaustively all potential claims of a pro se plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## ANALYSIS

### I. Res Judicata

Defendant argues that Plaintiff's claims are barred by res judicata, where "a final judgment on the merits bars further claims by parties or their privies based on the same cause of action." *Montana v. United States*, 440 U.S. 147, 153 (1979). Res judicata applies to cases where there is "'(1) a final judgment on the merits of an earlier suit, (2) an identity of the cause of action in both the earlier and the later suit, and (3) an identity of parties or their privies in the two suits.'" *Young-Henderson v. Spartanberg Area Mental Health Ctr.*, 945 F.2d 770, 773 (4th Cir. 1991) (quoting *Nash Cty. Bd. of Educ. v. Biltmore Co.*, 640 F.2d 484, 486 (4th Cir. 1981)).

All of the elements of res judicata are satisfied here. First, the 2014 and 2017 cases were decided by final judgments on the merits, as they were dismissed with prejudice. Federal Rule of Civil Procedure 41 considers involuntary dismissal other than for lack of jurisdiction, improper venue, or failure to join a party "as an adjudication on the merits." FED. R. CIV. P. 41(b). Boarman I's dismissal as untimely is recognized as a final judgment on the merits. *See Mills v. Des Arc Convalescent Home*, 872 F.2d 823, 826 (8th Cir. 1989) (affirming district court's dismissal, where "a disposition of a Title VII action as untimely filed is a decision on the merits for purposes of res judicata."); *Nilsen v. City of Moss Point*, 701 F.2d 556, 562 (5th Cir. 1983) (*en banc*) (affirming district court's grant of summary judgment on the basis of timeliness as a final judgment on the merits). Further, Judge Hollander's grant of summary judgment on behalf the defendant in Boarman II also constitutes a final judgement on the merits. *See Shoup v. Bell & Howell Co.,* 872 F.2d 1178, 1181 (4th Cir. 1989) (recognizing "summary judgement has always been considered a final disposition on the merits.") (internal quotations omitted). As such, Boarman I and II were decided by final judgments on the merits, satisfying the first element of res judicata.

Next, a cause of action is identical for purposes of res judicata if it "involves a right arising out of the same transaction or series of connected transactions that gave rise to the claims in the first action." *Harnett v. Billman*, 800 F.2d 1308, 1314 (4th Cir. 1986) (internal citations omitted). Defendant argues that "any claims presented here in Boarman III that arise out of the same thirty-year period in which Plaintiff alleges she was denied opportunities for projects, training, and promotions, thus 'involve [] right[s] arising out of the same transaction or series of connected transactions,' as alleged in Boarman I and Boarman II." (ECF 15 p. 7.) Plaintiff's complaint alleges discrimination and retaliation that were adjudicated previously in Boarman I and Boarman II, stating "Plaintiff has identified many problematic issues during 30+ years of retaliation and

discrimination." (ECF 1 p. 8.) The complaint references the same instances of alleged discrimination and retaliation that occurred in the thirty-year period for which Plaintiff previously brought suit. The same transactions are referenced in all three lawsuits. The identical cause of action element is satisfied.

Finally, privity is determined by "whether the interests of one party are so identified with the interests of another that representation by one party is representation of the other's legal right." *Weinberger v. Tucker*, 510 F.3d 486, 491 (4th Cir. 2007) (internal citations omitted). Defendant argues that the privity requirement is met, "as defendants in all three lawsuits were the official head of the SSA at the time the lawsuits were filed." (ECF 15 p. 7.) Plaintiff sued the SSA in all three cases; the named Defendants were the heads of the SSA. Defendant Kijakazi shares the interests of the prior officeholders sued in Boarman I and Boarman II. The privity element is met as well. Therefore, Plaintiff's suit is barred by res judicata.

Plaintiff failed to respond to Defendant's res judicata argument in her opposition to the Motion, effectively abandoning her claims for retaliation and discrimination previously adjudicated in Boarman I and Boarman II. *See Mentch v. Eastern Sav. Bank, FSB*, 949 F. Supp. 1236, 1246-47 (D. Md. 1997) (dismissing plaintiff's claim as abandoned "by failing to address that claim in her opposition to" defendant's motion); *Ferdinand-Davenport v. Children's Guild*, 742 F. Supp. 2d 772, 777 (D. Md. 2010) ("By her failure to respond to this argument [in defendant's motion], the plaintiff abandons any discriminatory discharge claim."); *Estate of Edgerton v. UPI Holdings, Inc.,* No. CCB-09-1825, 2011 WL 6837560 *4(D. Md. Dec. 28, 2011) ("a plaintiff's failure to respond to a summary judgment motion may constitute waiver or abandonment of a claim.")

The Motion will be granted with respect to allegations of discrimination and retaliation previously adjudicated in Boarman I and Boarman II.

## II. Failure to State a Prima Facie Case of Retaliation

Plaintiff's claim regarding the Steigerwald Project is not subject to res judicata because it was not raised in previous litigation, nor could it have been, as the incident occurred after the close of the other two suits. Defendant argues that Plaintiff is unable to state a prima facie claim of retaliation for her removal from the Steigerwald Project because removal from the project does not constitute an adverse employment action.

In order to prevail on a claim for retaliation under Title VII, "the existence of some adverse employment action is required." *James v. Booz–Allen & Hamilton, Inc.*, 368 F.3d 371, 375 (4th Cir. 2004). An adverse employment action is one that "'constitutes a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits.'" *Hoyle v. Freightliner, LLC*, 650 F.3d 321, 337 (4th Cir. 2011) (quoting *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 761 (1998)). A change in job assignments, without a detrimental effect on the employee, is not considered an adverse employment action for the purposes of Title VII. *See Booz-Allen & Hamilton, Inc.*, 368 F.3d at 376 ("the mere fact that a new job assignment is less appealing to the employee, however, does not constitute adverse employment action.")

Plaintiff has not pled facts sufficient to infer that her removal from the Steigerwald Project qualifies as an adverse employment action. There are no facts pled to suggest that removal from the project negatively affected or diminished her job responsibilities or position, or otherwise had a detrimental impact on Plaintiff's job. Plaintiff has not pled a prima facie case of retaliation sufficient to state a claim. Further, Plaintiff's opposition to the Motion failed to respond to

Defendant's argument that the complaint did not state a claim for discrimination. The court therefore considers Plaintiff's claims regarding the Steigerwald project abandoned due to her failure to respond to Defendant's 12(b)(6) arguments. *See Mentch v. Eastern Sav. Bank, FSB*, 949 F. Supp. 1236, 1246-47 (D. Md. 1997) (dismissing plaintiff's claim as abandoned "by failing to address that claim in her opposition to" defendant's motion.)

The Motion will be granted with respect to Plaintiff's claim of retaliation as to the Steigerwald project.

### III.    Failure to Exhaust Administrative Remedies

For a federal employee to bring suit under Title VII, she must first address the issue with the employer. *Nielsen v. Hagel*, 666 Fed. App'x. 225, 227 (4th Cir. 2016). The Fourth Circuit has described the administrative remedy process as follows:

> "Initially, the aggrieved employee must consult with an EEO counselor in the employee's federal agency within 45 days of the allegedly discriminatory act. 29 C.F.R. § 1614.105(a).... If the matter has not been resolved at the end of this 90-day 'pre-complaint processing period,' the counselor must issue a written notice of right to file a formal complaint within the agency. *Id.* § 1614.105(d)–(f). When the pre-complaint processing period has expired, and the notice of right to file a formal complaint has been issued, the aggrieved party must file a formal complaint within 15 days of receiving notice from the agency. *Id*. §§ 1614.105(d), 1614.106(b)."

*Id.*

Defendant argues that the only claims Plaintiff has administratively exhausted are those relating to the removal from the Steigerwald Project. (ECF 15 p. 12.)

Plaintiff's opposition to the Motion raises additional allegations of retaliation and discrimination that were not raised in her agency-level complaint, including a suspension from her job duties, and being placed "on AWOL." (ECF 24.) The alleged suspension occurred on June 5, 2022, and the conversation placing Plaintiff "on AWOL" occurred on June 16-17, 2022. Plaintiff began the pre-complaint process on June 23, 2022. (ECF 24). Defendant is correct that Plaintiff

has failed to exhaust her administrative remedies for the newly-raised incidents of retaliation and discrimination. Even if Plaintiff contacted her agency immediately to initiate the pre-complaint process, the statutory time limits have not expired, as it has only been a month since the June 5, 2022 and June 16-17, 2022 incidents. These claims are not viable.

Additionally, these new claims were not raised in the instant complaint. The court declines to consider matters outside the pleadings. The Motion will be granted with respect to Plaintiff's claims of retaliation and discrimination regarding the June 5, 2022 suspension and the June 16-17, 2022 phone conversation.

**CONCLUSION**

For the reasons set forth herein, Defendant's Motion to Dismiss Plaintiff's Complaint, or, in the Alternative, for Summary Judgment will be granted and the case will be closed. The court will issue an accompanying order in accordance with this memorandum opinion.

/S/

_____
Julie R. Rubin
United States District Judge
July 19, 2022